**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Lauren Albright, *individually, and as personal representative of NG, a minor*,<br><br>          Plaintiff,<br>     v.<br><br>Berkeley County Sheriff's Office, *et al.*,<br><br>          Defendants. | Case 2:24-cv-03260-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), recommending Defendants' Motion to dismiss be granted-in-part and denied-in-part. (Dkt. No. 17). No parties filed objections to the R & R. For the reasons set forth below the Court adopts the R & R as the order of the Court.

**I.     Background**

Plaintiff alleges that NG, a special needs eight-year old minor, was detained at Whitesville Elementary School by Defendant Jeffery Day, a Sheriff's Deputy employed by Defendant Berkely County Sheriff's Office ("BCSO") who was acting as the School Resource Officer. Plaintiff alleges that Day aggressively detained NG and caused bruising to NG's body, physical pain, and mental trauma, when he physical dragged NG to the principal's office.

Plaintiff brings claims for gross negligence under the South Carolina Tort Claims Act separately against Defendants BCSO and Berkely County School District ("BCSD"). Plaintiff also brings § 1983 claims for unreasonable seizure and excessive force against Defendants Day; William Kimbro, a Sheriff's deputy; Duane Lewis, Berkely County Sheriff; and Anthony Dixon, Superintendent of BCSD. Plaintiff also asserts § 1983 claims for failure-to-train against Kimbro and Lewis.

1

Defendants BCSO, Lewis, Day, and Kimbro filed a motion to dismiss seeking to dismiss federal claims against BCSO and against Lewis, Day, and Kimbro in their official capacities. They also seek to dismiss the § 1983 claims against Lewis and Kimbro in their individual capacities. Defendants did not challenge Plaintiff's § 1983 claims against Day.

The Magistrate Judge issued an R & R recommending Defendants' Motion to Dismiss be granted-in-part and denied-in-part. Specifically, the Magistrate Judge recommends the § 1983 claims against Lewis, Kimbro, and Day in their official capacities be dismissed. Additionally, the Magistrate Judge recommends dismissing claims against BCSO pursuant to the Eleventh Amendment to the extent any of Plaintiff's § 1983 claims include allegations against BCSO. The Magistrate Judge also recommends § 1983 failure-to-train claims against Kimbro and Lewis should survive dismissal but recommends dismissing any other § 1983 claims brought against Kimbro and Lewis in their individual capacities. No parties objected to the R & R. The matter is now ripe for the Court's review.

## II.     Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.

Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  Discussion

After careful review of the Complaint, Defendant's motion to dismiss, Plaintiff's response, and the R & R, the Court finds that the Magistrate Judge ably and correctly addressed all issues raised by Defendant's motion to dismiss.

Specifically, the Court agrees that the Eleventh Amendment bars Plaintiff's § 1983 claims against all individual Defendants in their official capacities and that Defendants' removal of this case does not waive their immunity to the § 1983 claims. To the extent Plaintiff is asserting a § 1983 claim against BCSO, it is also barred by the Eleventh Amendment. The Court also agrees that BCSO is subject to suit in this court for the gross negligence claims asserted against it under the South Carolina Tort Claims Act. The Magistrate Judge correctly reasoned that Eleventh Amendment immunity does not apply to the South Carolina Tort Claims Act claim because BCSO would have been subject to the gross negligence claim in state court since South Carolina has generally consented to suit for tort claims filed against it in state court.

Additionally, the Court agrees that excessive force claims pursuant to § 1983 against Lewis and Kimbro should be dismissed because the Complaint does not allege Lewis and Kimbro acted personally in depriving NG's or Plaintiff's rights. The Court also agrees that Plaintiff's § 1983 supervisory liability claims against Lewis and Kimbro for failure to train Day should remain. The Magistrate Judge correctly reasoned that Kimbro and Lewis's alleged failure to train Day on how to properly interact with special needs minors as a school resource officer is connected to the wrongdoing alleged in the Complaint.

## IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R (Dkt. No. 17) as the Order of the Court. Accordingly, the Court **GRANTS-IN-PART** and **DENIS-IN-PART** Defendants' Motion to Dismiss (Dkt. No. 4). Plaintiff's § 1983 claims against individual Defendants in their official capacities are dismissed. To the extent Plaintiff's § 1983 claims include allegations against BCSO, Plaintiff's § 1983 claim against BCSO is dismissed. Plaintiff's failure-to-train claims against Kimbro and Lewis remain but any other § 1983 claims against Kimbro and Lewis in their individual capacities are dismissed.

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 1, 2024
Charleston, South Carolina